CONFORM

1  LAW OFFICES OF JAMES W. SPERTUS
2  James W. Spertus, Esq. (SBN 159825)
   Ezra D. Landes, Esq. (SBN 253052)
3  1990 South Bundy Dr., Suite 705
   Los Angeles, California  90025
4  Telephone: (310) 826-4700
   Facsimile:  (310) 826-4711
5  Jim@spertuslaw.com
   Ezra@spertuslaw.com
6
   Attorneys for Defendant Hagerty Consulting, Inc.
7

FILED
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2010 MAR -3  PM 3:40
BY___

8              UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10
   DOMINIC NGUYEN,                 CASE NO.
11       Plaintiff,                CV10 1595 MMM (Ex)
12
13       v.                        NOTICE OF REMOVAL
14   HAGERTY CONSULTING, INC., a    (LASC Case No. BC430620)
15   Corporation, and DOES 1 through 50,
     inclusive,
16       Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that Defendant Hagerty Consulting, Inc.

3   ("Defendant" or "Hagerty") hereby files this Notice of Removal pursuant to 28

4   U.S.C. Sections 1441 and 1446 in order to effect the removal of the above-

5   captioned matter, which was commenced in the Superior Court of the State of

6   California for the County of Los Angeles, and states that the removal is proper

7   for the following reasons:

8                           **TIMELINESS OF REMOVAL**

9       On January 27, 2010, Plaintiff Dominic Nguyen ("Plaintiff" or "Nguyen")

10  filed a Complaint against Hagerty Consulting, Inc. and DOES 1 through 50,

11  inclusive, in the Superior Court of the State of California for the County of Los

12  Angeles, Case No. BC430620 (the "Complaint").

13      Defendant first received the Complaint when it was served on February 2,

14  2010.  A true and correct copy of the Complaint is attached hereto as Exhibit

15  "A."  Defendant first ascertained that the case is removable when on February

16  25, 2010, counsel for Plaintiff informed counsel for Defendant that Plaintiff

17  believes his loss to be in excess of $90,000.

18      This Notice of Removal is timely as it is filed within thirty (30) days after

19  Plaintiff informed Defendant of his damages amount and Defendant ascertained

20  that the case is removable.  28 U.S.C. § 1446(b).

21                          **DIVERSITY JURISDICTION**

22      This Court has original jurisdiction of this action under 28 U.S.C. Section

23  1332(a)(1).  As set forth below, this action is removable pursuant to the

24  provisions of 28 U.S.C. Section 1441(a) as the amount in controversy is in

25  excess of $75,000, exclusive of interest and costs, and is between citizens of

26  different states.

27  //

28  //

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1

NOTICE OF REMOVAL

Law Offices of James W. Spertus
1990 South Bundy Dr., Suite 705
LOS ANGELES, CA CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

## PLAINTIFF'S CITIZENSHIP

### *Plaintiff Is a California Citizen*

Plaintiff is now, and at the time this action was commenced was, a citizen of the State of California. Plaintiff alleges that "[a]t the time of filing and all pertinent times mentioned herein Plaintiff was and is a resident of the City of La Mesa, County of San Diego, State of California." (Complaint ¶ 1). Plaintiff's principal place of business is also the City of La Mesa, California. (Complaint, Exhibit A).

## DEFENDANT'S CITIZENSHIP

### *Hagerty Consulting, Inc. Is Not a California Citizen*

Hagerty is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. Section 1332(c)(1). Pursuant to 28 U.S.C. Section (c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Hagerty is now, and was at all relevant times, incorporated under the laws of the State of Illinois. Hagerty's principal place of business is now, and was at all relevant times, also in the State of Illinois.

The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as 'Does' need not be joined in a removal petition."). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds the jurisdictional requirement of $75,000, exclusive of interests and costs, as required by 28

1  U.S.C. Section 1332(a).  On February 25, 2010, Plaintiff sent Defendant a

2  Settlement Letter in which Plaintiff stated his belief that "he has lost in excess of

3  $90,000 as a result of interference with contract opportunities."  Plaintiff's

4  settlement demand is relevant and sufficient evidence that the amount in

5  controversy exceeds the jurisdictional minimum.  *Cohn v. Petsmart, Inc.*, 281

6  F.3d 837, 840 (9th Cir. 2002) (plaintiff's settlement letter stating belief that claim

7  was worth more than $100,000 was relevant and sufficient evidence to establish

8  amount in controversy).

## NOTICE OF REMOVAL

10     In compliance with 28 U.S.C. Section 1446(a), true and correct copies of

11  all process, pleadings, and orders served upon Defendant are attached hereto as

12  Exhibits "A," and "B."  They are: the (1) Complaint (Ex. A) and (2) state court

13  Civil Case Cover Sheet and Addendum (Ex. B).

14     This Notice of Removal will be promptly served on Plaintiff and filed with

15  the Clerk of the Superior Court of the State of California for the County of Los

16  Angeles.

17     WHEREFORE, Defendant prays this civil action be removed from the

18  Superior Court of the State of California for the County of Los Angeles to the

19  United States District Court for the Central District of California.

20

21  Dated:  March 3, 2010                    Law Offices of James W. Spertus

22

23                                    By:

24                                          James W. Spertus
                                            Ezra D. Landes
25                                          Attorneys for Defendant Hagerty
                                            Consulting, Inc.

26

27

28

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

# EXHIBIT A

EXHIBIT A

ORIGINAL

1   **THE RUBIN LAW CORPORATION**
    Steven M. Rubin (SBN 090867)
2   Jenny L. Wilkinson (SBN 240643)
    433 N. Camden Drive, Suite 725
3   Beverly Hills, CA 90210
    Telephone: (310) 385-0777
4   Facsimile: (310) 288-0207

5   Attorneys for Plaintiff
    Dominic Nguyen

A604
91107

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 27 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
AMBER LAFLEUR-CLAYTON

D.33 Charles Palmer

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10                                              B C 4 3 0 6 2 0

11  DOMINIC NGUYEN                    )  CASE NO.:
                                      )
12        Plaintiff,                  )  COMPLAINT FOR:
                                      )
13        vs.                         )  1.  DECLARATORY RELIEF
                                      )  2.  VIOLATION OF BUSINESS AND
14  HAGERTY CONSULTING, INC., a       )      PROFESSIONS CODE SECTION 17200
    Corporation, and DOES 1 through 50,  )      ET. SEQ.
15  inclusive,                        )  3.  INTENTIONAL INTERFERENCE WITH
                                      )      PROSPECTIVE ECONOMIC
16        Defendants.                 )      ADVANTAGE
                                      )  4.  INTENTIONAL INTERFERENCE WITH
17                                    )      CONTRACTUAL RELATIONS
                                      )
18                                    )

19

20

21

22

23

24                     **JURY TRIAL DEMANDED**

25      Amount Demanded Exceeds $25,000.00 (Gov't. Code § 72055).  Plaintiff DOMINIC

26  NGUYEN ("Plaintiff") complains against Defendants HAGERTY CONSULTING, INC. ("HCI"),

27  and DOES 1 through 50 inclusive, and each of them and demands a trial by jury and injunctive

28  relief of all issues and for causes of illegal action alleges:

                                      1
                                   COMPLAINT

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

1.  At the time of filing and all pertinent times mentioned herein Plaintiff was and is a resident of the City of La Mesa, County of San Diego, State of California.

2.  Plaintiff is informed and believes and on this basis alleges at all pertinent times mentioned herein Defendant HCI was and is a corporation incorporated in the state of Illinois and authorized to do business in the State of California.

3.  During the term of his contract with Defendant HCI, Plaintiff performed services on behalf of HCI within the city of Pasadena, County of Los Angeles.

4.  Plaintiff is informed and believes and thereon alleges that HCI does, has done, and will continue to do business within the County of Los Angeles.

5.  Plaintiff is ignorant of the true names or capacities of the Defendants sued here under the fictitious names DOE 1 through DOE 50, inclusive.  Plaintiff is informed and believes and on this basis alleges that each DOE Defendant was responsible in some manner for the occurrences and injuries alleged in this complaint.

6.  At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was the agent or employee of each and every other Defendant.  In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining Defendants.  All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other Defendant.

7.  At all relevant times, Plaintiff is informed and believes that each and every Corporate Defendant were joint employers, and had an interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control, creating an integrated enterprise.  Therefore, Plaintiff is informed and believes that at all relevant times, he was dually employed by each and every Corporate Defendant.

8.  On or about March 15, 2007 Plaintiff entered into an "Independent Contractor Agreement" with HCI, attached hereto as Exhibit A.  The Independent Contractor Agreement contain a "Non-Compete and Non-Solicitation Clauses," (Paragraph 9) which, among other things, states:

(a) Independent Contractor agrees that during the term of Services with Company, and for a period of two (2) years thereafter, Independent Contractor will not, without the express written consent of Company, on Independent Contractor's own account or for the benefit of any other person or entity, directly, or indirectly:

(1) engage in any business (either financially or as a shareholder, employee, officer, partner, independent contractor, or owner, or in any capacity calling for the rendition of personal services or acts of management, operation, or control), in the same or similar capacity that Independent Contractor served for Company, that is directly competitive with the business of the Company within a 75 mile radius of any office, facility, or location of Company at which the Independent Contractor performed services during the last 12 months of Services with Company, without the express written consent of officers of the Company;

(2) solicit or accept any business of the nature performed or provided by Company from any customer of Company and that Independent Contractor will not take any steps, directly or indirectly, to cause or to assist any other person to cause any customer of Company to cease doing business with Company, or to decrease its level of business with Company.  For purposes of this Paragraph (9)(a) (2), the term "customer of Company" shall be limited to any person, business, or entity that was a customer of Company and (i) that Independent Contractor had contact with during Independent Contractor's last twenty-four (24) months of Services for Company; or (ii) about which Independent Contractor

1   possessed or had access to confidential information during Independent

2   Contractor's last twelve (12) months of Services for Company.

3       9.  At the time of signing the agreement and at all relevant times thereafter, Plaintiff's

4   principal place of business was and is in La Mesa, California.

5       10. During the term of the Independent Contractor Agreement, Plaintiff provided services for

6   HCI within the State of California, including but not limited to projects in the cities of San Diego

7   and Pasadena.

8       11. On or about January 1, 2009, the terms of the Independent Contractor Agreement expired.

9   Despite the expiration of the written agreement, Plaintiff continued to provide services to HCI as

10  an independent contractor until approximately March 11, 2009.

11      12. On or about March 12, 2009 Plaintiff voluntarily terminated his independent contractor

12  relationship with HCI.

13      13. On or about April 2, 2009 Plaintiff incorporated Constellation Consulting Group (CCG) as

14  an S Corporation under the laws of the State of California.

15      14. On or about October 16, 2009 Plaintiff dba CCG entered into a Base Agreement and

16  related Statement of Work Agreement with Professional & Technical Services on Demand

17  ("PTS"), a subcontractor of IBM, which is a subcontractor of Fluor Corporation (hereinafter

18  "Fluor"), to provide technical assistance consulting services to FEMA.

19      15. Plaintiff is informed and believes and thereon alleges that he was specifically recruited by

20  PTS to work on a FEMA Public Assistance Appeals Project and was scheduled to begin work for

21  PTS on or about October 18, 2009.

22      16. Plaintiff is informed and believes and thereon alleges that at the conclusion of the above

23  specified project, PTS intended to provide Plaintiff with additional work assignments.

24      17.  Plaintiff is informed and believes and thereon alleges that on or about October 17, 2009, a

25  representative of HCI contacted Fluor and asserted that Plaintiff was bound by a non-compete  and

26  non-solicitation agreement that prohibited him from providing services to PTS, IBM, and/or Fluor

27  as an independent contractor on FEMA projects.  Plaintiff is informed and believes and thereon

28

COMPLAINT

1   alleges that HCI threatened to take legal action against Fluor, IBM, and PTS if Plaintiff provided

2   services to FEMA as an independent contractor on behalf of PTS, IBM, and/or Fluor.

3       18. Plaintiff is informed and believes and thereon alleges that because of the HCI's threats of

4   legal action, PTS, IBM, and/or Fluor opted not to send Plaintiff to work on the FEMA Public

5   Assistance Appeals Project referenced above.

6       19. Plaintiff is informed and believes and thereon alleges that so long as HCI continues to

7   threaten litigation, PTS, IBM, and/or Fluor will not send Plaintiff to work on any FEMA projects

8   in the future.

9       20.  Plaintiff is informed and believes and thereon alleges that Defendant HCI has every

10   intention of proceeding with legal action if Plaintiff and/or CCG perform services on FEMA

11   projects as an independent contractor on behalf of PTS, IBM, and/or Fluor.

12       21. Plaintiff is informed and believes and thereon alleges that the terms of the "Non-Compete

13   and Non-Solicitation Clause" within the "Independent Contractor Agreement" detailed in

14   Paragraph six above are void in the state of California under the California Business and

15   Professions Code Section 16600.

16       22. Plaintiff is informed and believes and thereon alleges that Defendants' attempts to prevent

17   Plaintiff from engaging in his profession of choice are oppressive, unlawful, and grossly

18   disproportionate to actions necessary to protect any legitimate business interest of Defendants, and

19   are unlawful under California Business and Professions Code §16600.

20

21

22   **FIRST CAUSE OF ACTION**

23   **Declaratory Relief**

24   **(Against Defendants HCI and Does 1 through 50)**

25       As a first, separate, and distinct cause of action, Plaintiff complains against Defendants HCI

26   and DOES 1 through 50, and each of them, and for a cause of action alleges:

27       23. Plaintiff hereby incorporates by reference Paragraphs 1 through 22, inclusive, as if set forth

28   here in full.

24. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties under Independent Contractor Agreement. Plaintiff contends that California law, specifically California Business and Professions Code §16600 applies to the Independent Contractor Agreement and the "Non-Compete and Non-Solicitation Clause" contained therein, and thus they are void and unenforceable. Defendants have represented to Plaintiff as well as his potential employer, that the provisions are enforceable and have threatened litigation.

25. Plaintiff seeks a binding determination that the Non Compete and Non Solicitation Clause is unlawful and void.

26. The declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his legal rights with regard to prospective employment, and whether such employment may be entered into without being subject to the "Non Compete and Non Solicitation Clause" referenced above in Paragraph six.

27. Furthermore because of the unsettled state of affairs Plaintiff has suffered and continues to suffer injury, loss, and damages. Plaintiff has lost and foreseeably will continue to lose opportunities for gainful employment.

28. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated in the section below entitled "DAMAGES" which is incorporated here to the extent as if set forth here in full.

## SECOND CAUSE OF ACTION

### Violation of California Business and Professions Code Section 17200

### (Against Defendants HCI and DOES 1 through 50)

As a second, separate and distinct cause of action, Plaintiff complains against Defendants HCI and DOES 1 through 50, and each of them, and for a cause of action alleges:

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28, inclusive, as if set forth here in full.

30. Business and Professions Code Section 17203 provides that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition

31. Business and Professions Code Section 17204 provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.

32. Defendants' attempts to prevent Plaintiff from engaging in his profession of choice are oppressive, unlawful, and grossly disproportionate to actions necessary to protect any legitimate business interest of Defendants, and are unlawful under California Business and Professions Code §16600. Accordingly, such action violates California Business and Professions Code §§17200, et seq.

33. Moreover, as a California citizen, Plaintiff is entitled to avail himself of the protections of California law, including California Business and Professions Code §§16600 and 17200, and to engage in the lawful practice of his profession, without interference. Any attempt by Defendants to enforce the "Non-compete and Non-Solicitation Clauses" in the "Independent Contractor Agreement" constitutes unfair competition.

34. As a result of Defendants' unfair competition, Plaintiff has lost opportunities for gainful employment.

35. Plaintiff is informed and believes and based thereon alleges that Defendant HCI's unfair acts as described above are a serious and continuing threat to Plaintiff. If Defendant HCI is allowed to continue its wrongful acts, Plaintiff will suffer further immediate and irreparable injury, loss, and damage. Plaintiff is further informed and believes, and based thereon alleges that in the absence of a preliminary and permanent injunctions as prayed for below, Defendant will continue to engage in unfair business practices.

1    36. Defendants' conduct alleged herein constitutes fraudulent, unlawful and/or unfair business

2    practices in violation of California Business and Professions Code §§17200 et seq.

3        37. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated

4    in the section below entitled "DAMAGES" which is incorporated here to the extent as if set forth

5    here in full.

6

7                        **THIRD CAUSE OF ACTION**

8            **Intentional Interference with Prospective Economic Advantage**

9                **(Against Defendants HCI and Does 1 through 50)**

10       As a third, separate, and distinct cause of action, Plaintiff complains against Defendants HCI,

11   and Does 1 through 50, and each of them, and for a cause of action alleges:

12       38. Plaintiff hereby incorporates by reference Paragraphs 1 through 37 inclusive, as if set forth

13   here in full.

14       39. On or about October 16, 2009 Plaintiff entered into an economic relationship with PTS

15   with the probability of future economic benefit to Plaintiff.

16       40. At the time Defendant HCI contacted Fluor regarding the "Non-Compete and Non-

17   Solicitation Clauses," Defendant knew or should have known that Plaintiff had entered into an

18   economic relationship with PTS with the probability of future economic benefit to Plaintiff.

19       41. At the time Defendant HCI contacted Fluor regarding the "Non-Compete and Non-

20   Solicitation Clauses," Defendant knew or should have known that any attempt to enforce said

21   provisions against Plaintiff would have an adverse effect on his ability to secure and maintain

22   gainful employment

23       42. At the time Defendant HCI contacted Fluor regarding the "Non-Compete and Non-

24   Solicitation Clauses," Defendant knew or should have known that any attempt to enforce said

25   provisions against Plaintiff would have an adverse effect on Plaintiff's economic relationship with

26   PTS, IBM, and/or Fluor and would prevent Plaintiff from deriving benefits from his economic

27   relationship with PTS.

28       43. The economic harm suffered by Plaintiff was proximately caused by Defendant HCI

8

COMPLAINT

1  threatening to enforce a provision of the Independent Contractor Agreement that is void under

2  California Business and Professions Code Section 16600.

3      44. Plaintiff suffered damages caused legally by these Defendants' unlawful conduct as stated

4  in this section below entitled "DAMAGES," which is incorporated here to the extent pertinent as

5  if set forth here in full.

6                          **FOURTH CAUSE OF ACTION**

7              **Intentional Interference with Contractual Relations**

8                  **(Against Defendants HCI and DOES 1 through 50)**

9          As a fourth, separate, and distinct cause of action, Plaintiff complains against Defendants

10  HCI, and Does 1 through 50, and each of them, and for a cause of action alleges:

11      45. Plaintiff hereby incorporates by reference Paragraphs 1 through 45 inclusive, as if set forth

12  here in full.

13      46. On or about October 16, 2009, Plaintiff entered into a contractual relationship with PTS.

14  Under the terms of the contract, Plaintiff would provide technical assistance consulting services to

15  FEMA as a subcontractor of PTS.

16      47. Plaintiff is informed and believes and thereon alleges that Defendant HCI had knowledge

17  of the contract between Plaintiff and PTS.

18      48. Plaintiff is informed and believes and thereon alleges that by threatening litigation against

19  PTS, IBM, and/or Fluor, Defendant intentionally prevented performance and or made performance

20  of the contract more expensive or difficult.  In particular, because of the threat of litigation PTS

21  could not and did not provide Plaintiff with the agreed upon work assignments.

22      49. Because of Defendant's conduct, Plaintiff has lost substantial economic opportunities.

23      50.  Plaintiff suffered damages caused legally by these Defendants' unlawful conduct as stated

24  in this section below entitled "DAMAGES," which is incorporated here to the extent pertinent as

25  if set forth here in full.

26

27                                **DAMAGES**

28      **WHEREFORE,** Plaintiff requests relief as hereinafter provided:

51. As a legal result of the conduct by Defendants and each of them, of which Plaintiff complains, Plaintiff suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek to amend this Complaint to state the amount or will proceed to proof at trial.

52. Plaintiff suffered emotional distress as a legal result of the conduct by Defendants and each of them, of which Plaintiff complains. Plaintiff has suffered mental distress, humiliation, embarrassment, anger, disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek to amend this complaint to state the amount or will proceed according to proof at trial.

53. Plaintiff is informed and believes and thereon alleges that Defendant had knowledge of the invalidity of the Non-Compete and Non-Solicitation Clauses at the time it threatened enforcement of the agreement and obstructed Plaintiff's relationship with PTS. Notwithstanding such knowledge, Defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of Plaintiff's rights, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to the Plaintiff. Plaintiff is informed and believes and thereon alleges, that Defendant's threat to enforce the invalid agreement was made in bad faith with the intention of using Plaintiff as a bargaining tool to gain an advantage over its competitors.

54. Further, Defendants, and each of them, were informed of the oppressive, fraudulent, and malicious conduct of their employees, agents, and subordinates, and ratified, approved, and authorized that conduct.

55. The foregoing conduct of Defendants, and each of them, were intentional, willful, and malicious, so as to justify an award of exemplary and punitive damages under California Civil Code § 3294 in an amount to conform to proof.

56. As a direct result of Defendants unlawful conduct Plaintiff has incurred and will incur additional attorneys' fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1    1.  For an order requiring Defendant to show cause why Defendant should not be enjoined as

2  hereinafter set forth during the pendency of this action

3    2.  For a preliminary and permanent injunction enjoining Defendant and Defendant's agents,

4  servants, and employees, and all persons acting under, in concert with, or for Defendant from

5  enforcing a non-compete agreement against Plaintiff.

6    3.  For an order of declaratory relief affirming the provisions detailed in Paragraph Six as void

7  and unenforceable under California law.

8    4.  For an order of declaratory relief affirming the provisions detailed in Paragraph Six

9  constitute an unfair business practice under California Business and Professions Code Section

10  17200.

11    5.  For an award of monetary damages representing compensatory damages including lost

12  wages, earnings, retirement benefits and other employee benefits, and all other sums of money,

13  together with interest on these amounts, according to proof;

14    6.  For an award of monetary damages for mental pain and anguish and emotional distress,

15  according to proof;

16    7.  For an award of punitive damages in an amount appropriate to punish the Defendants and

17  deter others from engaging in similar misconduct, according to proof;

18    8.  For prejudgment and post-judgment interest;

19    9.  For the costs of suit incurred herein;

20    10. For an award of attorney's fees and costs pursuant to California Code of Civil Procedure

21  §1021.5; and

22    11. For any other relief the Court deems just and proper.

23

24  Dated: January 25, 2010            THE RUBIN LAW CORPORATION

25

26

27                           Steven M. Rubin

28                           Attorneys for Plaintiff, DOMINIC NGUYEN

COMPLAINT



**Hagerty Consulting**
Partners for Public Sector Excellence

## INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (from this point forward referred to as "Agreement") is made and entered into on this 1ˢᵗ day of January 2007, by and between Hagerty Consulting, Inc., an Illinois corporation, located at 1618 Orrington Avenue, #201, Evanston, Illinois 60201 (from this point forward referred to as "Company"), and **DOMINIC NGUYEN**, an independent contractor with a principal place of business at 6810 Colorado Avenue, La Mesa, CA 91942 (from this point forward referred to as "Independent Contractor").

The Company wants to engage the services of Independent Contractor to furnish Company with Services described in Paragraph 2 below, in accordance with the terms and conditions set forth in this Agreement.

### AGREEMENTS

The parties agree as follows:

1.      <u>Term of Agreement</u>.

(a)      This Agreement, with its terms and conditions, will become effective as of the 1ˢᵗ day of January 2007. The Agreement, with all attendant terms, conditions and Attachments, will have a two year term, unless otherwise extended or terminated earlier pursuant to Paragraph 12 of this Agreement. The Company is not obligated to pay Independent Contractor for any work performed or expenses incurred outside of the terms and conditions of this Agreement.

2.      <u>Service of Contractor</u>.

(a)      The Company hereby engages the Independent Contractor to provide the following services on a project-by-project basis directly to or on behalf of the Company:  **Management consulting services, such as Program, Policy and Data Analysis, Organizational and Process Improvement; Change Management; Financial Analysis, Facilitation, and Strategic Planning** (the "Services").  The parties agree that the foregoing Services may be amended from time to time upon mutual agreement of the parties in writing.

(b)      For each new specific project agreed to by the Independent Contractor, a Notice to Proceed (Attachment B) will be issued by Company. Each Notice to Proceed will identify key information regarding the project, including the duties to be performed by the Independent Contractor on behalf of the project. Upon signing the Notice to Proceed and submitting it to the Company to indicate agreement with its terms and conditions, the Independent Contractor shall commence work in accord with the start date of the Notice to Proceed and will complete the same in accordance with the listed Period of Performance.

(c)      Independent Contractor shall be responsible to the Company to complete the Services as identified in the Notice to Proceed to the satisfaction of the Company.  Company shall not control the Independent Contractor's manner and means of performing the Services. Independent Contractor will determine the methods, details, and means of performing the Services.  Nevertheless, Company can terminate this Agreement and/or an executed Notice to Proceed in accordance with Paragraph 12 of this Agreement at any time upon determination by the Company, in the Company's sole discretion, that Independent Contractor's work and performance is not satisfactory.

(d)      Independent Contractor shall be responsible to Company for providing the Services in accordance with the highest standards of Independent Contractor's trade, profession, or area of expertise.  Independent Contractor shall be responsible for adhering to all local, state, and federal requirements, codes, and laws. Independent Contractor shall be required to provide all equipment, materials, labor, and clerical support required in

EXH A

Page 1 of 7


**Hagerty Consulting**
Partners for Public Sector Excellence

connection with the Services and any expenses relating thereto. Independent Contractor shall not charge any expense to Company without the Company's prior agreement in writing.

(e)     Company may specify quality assurance procedures. Any inspection or quality control procedure by Company does not in any way affect the Independent Contractor's responsibility for the delivery of high quality services for the work required by this Agreement or any amendment thereto.

(f)     Independent Contractor may, with written permission from Company and at Independent Contractor's own expense, use any employees or subcontractors as Independent Contractor deems necessary to perform the Services. Company may not control, direct, or supervise Independent Contractor's employees or subcontractors in the performance of those services. Nevertheless, Company can terminate this Agreement and/or an executed Notice to Proceed in accordance with Paragraph 12 of this Agreement at any time upon determination by the Company, in the Company's sole discretion, that the work of the Independent Contractor's employees or subcontractors is not satisfactory.

3.     Compensation, Expenses and Invoicing

(a)     Company will pay Independent Contractor as specified in Attachment A, entitled "Compensation, Weekly Input Sheets And Invoicing Instructions".

(b)     Independent Contractor shall submit Weekly Input Sheets and invoices in accordance with the instructions listed in Attachment A.

(c)     In accordance with the terms set forth in Attachment A, Independent Contractor may be eligible for reimbursement of certain reasonable expenses incurred in the performance of duties under this Agreement, depending on the client and/or project, when the Independent Contractor is working fifty (50) miles or more from their home. Approval of such expenses will be determined on a project-by-project basis and set forth in the applicable Notice to Proceed for Independent Contractor (Attachment B).

(d)     Company will remit payment to Independent Contractor within thirty (30) business days from receipt and internal certification of an invoice from and for the Independent Contractor's Services, based on instructions set forth in Attachment A. If a client disallows any cost submitted by Independent Contractor on behalf of the client's project, the Independent Contractor will provide Company credit for the disallowance on the Independent Contractor's following invoice or final invoice, if no additional invoices will be forthcoming for the project.

4.     Taxes.

(a)     Company and Independent Contractor shall file all tax forms and other government reports consistent with a non-employment relationship. The Services that Independent Contractor shall perform, and the terms of payment for such services, are set forth in and limited by this Agreement and by any executed Notices to Proceed.

(b)     Independent Contractor is responsible for paying when due all income taxes, including estimated taxes, incurred as a result of the compensation paid by Company to Independent Contractor for Services under this Agreement. On request, the Independent Contractor will provide Company with proof of timely payment. Independent Contractor agrees to indemnify and hold harmless Company for any claims, costs, losses, fees, penalties, interest, or damages suffered by Company resulting from Independent Contractor's failure to comply with this Provision. These indemnities shall survive termination of this Agreement. Company shall not be responsible to the Independent Contractor, or to any governmental agency, for the withholding of federal or state income or other taxes which are customarily imposed upon the salaries of employees.



**Hagerty Consulting**
Partners for Public Sector Excellence

5.    Licenses and Insurance.

(a)    The Independent Contractor warrants that, as applicable, he has obtained all necessary licenses and shall keep said licenses in form and effect through the life of this Agreement.

(b)    The Independent Contractor shall maintain insurance providing for property damage and bodily injury coverage, and will submit to Company, upon request, insurance certificates indicating coverage in amounts and with carriers satisfactory to Company.

6.    Independent Contractor.

Independent Contractor agrees and acknowledges that Independent Contractor is, and will remain throughout the term of this Agreement, an independent contractor and not an employee or agent of the Company. Independent Contractor agrees that he is not and will not become an employee, partner, agent, or principal of Company while this Agreement is in effect. Independent Contractor agrees he is not entitled to the rights or benefits afforded to Company's employees, including disability or unemployment insurance, workers' compensation, medical insurance, personal leave, or any other employment benefit. Independent Contractor is responsible for providing, at his own expense, disability, unemployment, and other insurance, workers' compensation, training, permits, and licenses for himself, and for his employees, contractors and subcontractors.

7.    Rights in Work or Proprietary Data.

In the event Independent Contractor has in his possession any work product or other material, including but not limited to records, reports, documents or products, belonging to the Company or the Company's clients or furnished to him by the Company or the Company's clients, he will return the same to the Company or the Company's clients immediately upon completion of the Services pursuant to this Agreement and a Notice to Proceed or the cancellation or other termination of this Agreement, whichever occurs first.

8.    Confidentiality.

(a) The term "Confidential Information" means information, data, and compilations not generally known outside Company (unless as a result of a breach by Independent Contractor or others of any of the obligations imposed by this Agreement or a similar agreement or legal duty) concerning Company's business and includes information of Company, its affiliates, and its and their customers, including but not limited to: information and materials used in marketing or presenting the business of Company, including style, format and content; customer and potential customer lists, contact information, and information pertaining to customer goals and strategies and customer sales and purchasing histories; prices and terms offered or paid for products and services; information and materials related to determining whether products and services should be offered or sold to a customer; supplier and contractor lists, contact information, prices, billing procedures and methodology, specifications and other information; techniques, procedures, processes, formulas, equipment, methods, technical data, know-how and compilations; business proposals and plans and financial and operational information and strategies; Company's and any affiliates' financial and capital structure, creditors, debtors and financial data; any material or information of whatever nature which provides Company, Company affiliates' or Company's customers an opportunity to gain an advantage over competitors; and any and all other trade secrets or proprietary and confidential information or materials of Company, any Company affiliate or any customer or potential customer.

(b) The Independent Contractor agrees that all Confidential Information is the property of Company and shall remain so. Except as otherwise herein provided, Independent Contractor agrees that during the period of this Agreement, and thereafter, Independent Contractor will hold in strictest confidence and will not use or disclose to any person, firm, or corporation, without the written authorization of an officer of Company, any of Company's Confidential Information, except as such use or disclosure may be required in connection with Independent Contractor's Services for Company.   Independent Contractor understands that this Agreement applies to



**Hagerty Consulting**
Partners for Public Sector Excellence

computerized as well as written information. It is expressly understood, however, that the obligations of this paragraph shall only apply for as long as and to the extent that the aforesaid Confidential Information has not become generally known to or available for use by the public other than by Independent Contractor's act or omission or a breach by another person of a legal duty or obligation.

(c)     Independent Contractor agrees that the Independent Contractor has no proprietary interest in the Company's Confidential Information and that Independent Contractor will not take with them any Confidential Information that is in written, computerized, machine readable, model, sample, or other form capable of physical delivery, including, but not limited to, client lists and other documents relating to clients, upon or after the termination of this Agreement with Company, without the prior written consent of an officer of Company. Independent Contractor also agrees that upon the termination of this Agreement with Company, Independent Contractor shall deliver promptly and return to Company all such materials, along with all other property of Company, in Independent Contractor's possession, custody, or control.

9.      Non-Compete and Non-Solicitation Clauses.

(a)     Independent Contractor agrees that during the term of Services with Company, and for a period of two (2) years thereafter, Independent Contractor will not, without the express written consent of Company, on Independent Contractor's own account or for the benefit of any other person or entity, directly or indirectly:

(1) engage in any business (either financially or as a shareholder, employee, officer, partner, independent contractor, or owner, or in any capacity calling for the rendition of personal services or acts of management, operation, or control), in the same or similar capacity that Independent Contractor served for Company, that is directly competitive with the business of the Company within a 75 mile radius of any office, facility, or location of Company at which the Independent Contractor performed services during the last 12 months of Services with Company, without the express written consent of officers of the Company;

(2) solicit or accept any business of the nature performed or provided by Company from any customer of Company and that Independent Contractor will not take any steps, directly or indirectly, to cause or to assist any other person to cause any customer of Company to cease doing business with Company, or to decrease its level of business with Company. For purposes of this Paragraph 9(a)(2), the term "customer of Company" shall be limited to any person, business, or entity that was a customer of Company and (i) that Independent Contractor had contact with during Independent Contractor's last twenty-four (24) months of Services for Company; or (ii) about which Independent Contractor possessed or had access to confidential information during Independent Contractor's last twelve (12) months of Services for Company.

(3) take any action to cause, solicit, encourage, induce, persuade, or assist any Company employee, agent, contractor, or representative from leaving their employment or relationship with Company. For purposes of this Paragraph 9(a)(3), the terms "Company employee, agent, contractor or representative" is limited to Company's employees, agents, contractors and representatives who were so related to Company during any part of the last twelve (12) months that the Independent Contractor provided Services to the Company.

10.     Relief For Breach.

(a)     Independent Contractor acknowledges that a breach or threatened breach of Paragraphs 8 or 9 of this Agreement would cause irreparable harm to Company for which it would have an inadequate remedy at law. In the event that Independent Contractor breaches or threatens to breach Paragraphs 8 or 9 of this Agreement Company will be entitled to obtain relief including but not limited to, temporary, preliminary and permanent injunctive relief, without any necessity of a bond, in addition to damages that Company may be entitled to as a matter of law from a court of competent jurisdiction. Independent Contractor also agrees that Company is entitled to its reasonable



**Hagerty Consulting**
Partners for Public Sector Excellence

attorneys' fees and costs incurred in enforcing this Agreement or successfully prosecuting or defending any action under this Agreement.

(b)     Independent Contractor acknowledges that the scope and length of the restrictions placed upon him in Paragraphs 8 and 9 of this Agreement are fair, reasonable and lawful and are limited and narrowly tailored to protect the legitimate business interests of Company. If a court shall determine that the scope or length of any such restriction is unduly broad or long, the court may modify such restrictions as necessary to make the same lawful and enforceable to the fullest extent under the law.

11.     Indemnifications.

(a)     The Independent Contractor shall be responsible for all damage to life and property due to his activities in connection with the services required under this Agreement and shall indemnify, defend, and hold harmless Company, Client and their officers, employees, and agents against any claims or legal liability arising out of the Independent Contractor's wrongful act or negligent performance of its services under this Agreement.

(b)     The Independent Contractor accepts the risk of injury, loss or damage to Independent Contractor, its employees, officers, owners, agents and contractors. Independent Contractor hereby agrees to indemnify and hold the Company harmless from any and all claims, charges, costs, expenses and fees arising from or related to any injury, loss or damage to or caused by Independent Contractor, its employees, officers, owners, agents and contractors.

12.     Termination of Agreement.

(a)     Either party may terminate Independent Contractor's Services and this Agreement at any time and for any reason, with or without cause. Even though this Agreement may be terminated, certain provisions and the parties' obligations under those provisions, including Paragraphs 3, 4, 7, 8 and 9, survive the termination.

(b)     The exception to the at-will clause in Paragraph 12(a) involves the Independent Contractor's active engagement in a project affected through a Notice to Proceed. In those circumstances, the Independent Contractor must provide 14 days notice prior to terminating their services on the engagement.

(c)     Upon the completion of Independent Contractor's assignment under a Notice to Proceed, the relationship (but not the terms and conditions of the Agreement and Attachment A) between the parties shall cease, unless reactivated in writing in connection with other assignments by the Company which are accepted in writing by Independent Contractor via a Notice to Proceed.

(d)     In the event that the Independent Contractor fails to perform a material requirement of this Agreement, Company shall provide the Independent Contractor with a written Cure Notice identifying the deficiency and demanding that the Independent Contractor cure the deficiency within three (3) working days of receipt of the Cure Notice and based on generally accepted industry standards. Failure to cure the deficiency to the satisfaction of Company or its clients, within the time provided shall constitute grounds for immediate termination of this Agreement for default.

13.     Dispute Resolution.

(a)     Except as provided in Paragraph 10 of this Agreement above, the parties agree that any dispute or controversy arising between them, including those arising out of or relating to any interpretation, construction, performance or breach of this Agreement and Attachments A and B, shall be submitted exclusively to final and binding arbitration to be held in Chicago, Illinois, in accordance with the standard rules then in effect of the American Arbitration Association ("AAA"). Examples of claims subject to arbitration pursuant to arbitration include, but are not limited to, claims for breach of this Agreement, and claims under federal, state, and local law. The arbitrator may grant injunctions or other relief in such dispute or controversy. The decision of the arbitrator



shall be final, conclusive and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

(b)     The Company and Independent Contractor shall each pay one-half of the costs and expenses of such arbitration, and each of the parties shall separately pay their attorneys' fees and expenses, unless applicable law requires otherwise.

(c)     Any request to arbitrate must be submitted in writing to the AAA within one (1) year of the date the dispute first arose, however, if Independent Contractor's claim arose under a statute, the request must be made within the time allowed by the limitations period applicable by that statute. Any failure to timely request arbitration shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration. In order to initiate arbitration pursuant to this Agreement, Company or Independent Contractor shall file a Demand for Arbitration in accordance with the National Rules with any regional office of the AAA or through the AAA's website, currently at www.adr.org.

(d)     The parties understand and agree that mandatory, binding arbitration will be the sole and exclusive means for the resolution of all disputes, except as provided in Paragraph 10 above, between the parties whenever they may arise and that this arbitration shall be in lieu of trial by jury.

14.     Background Check.

At the discretion of the Company and/or its clients, the Independent Contractor will willingly submit to a National Instant Criminal Background, followed by an FBI fingerprint check, when the Independent Contractor will be performing work that requires them access to the client's facilities, IT systems, or customer information. Independent Contractor may also be required to undergo drug testing and further security clearances.

15.     Governing Law.

This Agreement shall be construed in accordance with and under and pursuant to the laws of the State of Illinois. In any action or other proceeding that may be brought, arising out of or in connection with, or by reason of this Agreement, the laws of the State of Illinois shall be applicable.

16.     Assignment.

This Agreement shall be binding upon, and inure to the benefit of, Company and its successors, assigns, heirs, legal representatives, executors, and administrators. This Agreement, being personal in nature, cannot be assigned by Independent Contractor without the consent of Company.

17.     Entire Agreement.

This Agreement amends and supersedes any and all agreements, either oral or written, between the parties hereto with respect to the rendering of services by Independent Contractor for Company and contains all the covenants and agreements between the parties with respect to the rendering of such services in any manner whatsoever. Each party to this Agreement acknowledges that no representations, inducements, promises, or agreements, oral or otherwise, have been made by any party, or anyone acting on behalf of any party, that are not embodied herein, and that no other agreement, statement, or promise not contained in this Agreement shall be valid and binding. Any modification of this Agreement will be effective only if it is in writing and signed by an officer of Company and Independent Contractor.

18.     Enforceability.

If any article, paragraph, subparagraph or provision of this Agreement is adjudged by any court of law to be void or unenforceable, in whole or in part, such adjudication shall not be deemed to affect the validity of the



**Hagerty Consulting**
Partners for Public Sector Excellence

remainder of the Agreement or the reminder of the article, paragraph, subparagraph, or provision. Each article, paragraph, subparagraph, and provision of this Agreement is declared to be separable from every other article, paragraph, subparagraph, and provision and constitutes a separate and distinct covenant.

IN WITNESS WHEREOF, the parties have hereunto affixed their respective signatures as of the date first set forth above.

| COMPANY | INDEPENDENT CONTRACTOR |
|---|---|
| By: Stephen Hagerty, Hagerty Consulting    3/27/07 | By: |
| Its: President | REDACTED |
| Street Address _____ | Street Address _____ |
| City, State, Zip Code _____ | City, State, Zip Code _la Mesa, CA 91942_ |
| Phone Number _____ | Phone Number    REDACTED |
| | Social Security No./Corp. ID No.    REDACTED |



**Hagerty Consulting**
Partners for Public Sector Excellence

**ATTACHMENT A – DOMINIC NGUYEN**

**COMPENSATION, WEEKLY INPUT SHEETS AND INVOICING INSTRUCTIONS**

1.    <u>Compensation.</u>

(a)    When Independent Contractor bills out at on any client-chargeable project at a rate equivalent to a Level II, and less than a Level III, contractor on the FEMA Technical Assistance Contract for the Public Assistance Program, Company shall pay the Independent Contractor for client-chargeable services at the rate of $80 per each hour of client-chargeable Service.  Said compensation is inclusive of all allowable costs (including, but not limited to, Independent Contractor's direct labor, payroll burden, overhead, supplies, equipment, printing, telephone, fax, postage, delivering charges, and all other expenses and profit unless otherwise defined in detail).

(b)    When Employee bills out at on any client-chargeable project at a rate equivalent to a Level III contractor on the FEMA Technical Assistance Contract for the Public Assistance Program, Company shall pay the Independent Contractor for client-chargeable services at the rate of $95 per each hour of client-chargeable Service. Said compensation is inclusive of all allowable costs (including, but not limited to, Independent Contractor's direct labor, payroll burden, overhead, supplies, equipment, printing, telephone, fax, postage, delivering charges, and all other expenses and profit unless otherwise defined in detail).

(c)    Company shall pay the Independent Contractor for non-chargeable Company-specific Services at the rate of $45 per each hour of non-chargeable Company-Specific Services.  Said compensation is inclusive of all allowable costs (including, but not limited to, Independent Contractor's direct labor, payroll burden, overhead, supplies, equipment, printing, telephone, fax, postage, delivering charges, and all other expenses and profit unless otherwise defined in detail).

(d)    At the end of each Calendar Year, the Company will determine whether the hourly rate will be increased by 3%. The decision will be within the sole discretion of the Company.  The factors the Company may take into account include, but are not limited to, performance, quality of work provided, adherence to Company invoicing processes, and the financial performance of the Company.

(e)    From time to time, Company may request the presence of Independent Contractor at site of Company office or other location for appropriate purposes.  If Independent Contractor agrees to request, Company will reimburse Independent Contractor for travel, lodging and meals.  No other costs will be compensated, e.g., for hours spent on travel to or from such activities, or for hours spent while on-site to location.

2.    <u>Expenses.</u>

(a)    Independent Contractors may be eligible for reimbursement of certain reasonable expenses incurred in the performance of Services under the Agreement, depending on the client and/or project, when the Independent Contractor is working fifty (50) miles or more from their home.

(b)    Specifically, Company will reimburse the Independent Contractor for all client approved expenses which are reimbursed to Company by its clients and allowable under applicable client, Federal or State travel regulations.  Such reimbursement shall be made in Company's sole discretion in accord with the applicable Notice to Proceed for Independent Contractor (Attachment B) and against vouchers and receipts containing all information generally required by Company in connection with reimbursement of expenses incurred by other Independent Contractors of Company.  Vouchers and receipts must be submitted within thirty (30) days of incurring the expense to be considered.

(c)    If expenses are not reimbursed to Company by its clients, reimbursement to the Independent Contractor shall be made in Company's sole discretion in accord with the applicable Notice to Proceed for



**Hagerty Consulting**
Partners for Public Sector Excellence

Independent Contractor (Attachment B) and against vouchers and receipts containing all information generally required by Company. In such cases, vouchers and receipts must be submitted within thirty (30) days of incurring the expense in order to be considered.

3.      Weekly Input Sheets.

(a)      The Independent Contractor agrees to submit via fax on-time once a week a Weekly Input Sheet (WIS) reporting and certifying, via signature, its client chargeable hours worked and expenses incurred for each week. Unless otherwise notified, to be considered on-time, the WIS must be submitted to Company no later than noon (12 p.m.) each Sunday. In addition, at the end of each month, the Independent Contractor shall mail to Company original signed copies of the previous month's WIS', including the appropriate approval signature(s) from the on-site client representative or team lead, and with original receipts and two complete copies of both the signed WIS' and receipts.

(b)      The Independent Contractor agrees to submit on-time any additional timesheets/expense reports required by Company and its clients.

4.      Invoicing

(a)      In addition to the WIS' referenced in Paragraph 3(a) above, the Independent Contractor shall issue an invoice to Company for both services rendered and expenses incurred for the previous month on the first business day of each month. Each invoice submitted by Independent Contractor shall include the following information:

- Name and address of Independent Contractor
- Date of invoice and invoice number
- The period of performance for services rendered
- Task order number
- Direct labor hours
- Rate per hour
- Eligible expenses incurred
- Summary of hours, rates and expenses grouped by week

(b)      Payment for the previous month's services and expenses shall be paid out net thirty (30) days of receipt of the invoice.

(c)      Company may withhold payment of any invoice to satisfy claims, or alleged claims, arising out of Independent Contractor's performance. This Agreement does not authorize, nor will payment be made for, any services not specifically called for in this Agreement or in a Notice to Proceed.

The signature below indicates the Independent Contractor's concurrence with the terms and conditions of Attachment A – Compensation, Weekly Input Sheets and Invoicing Instructions.

_Dominic M. Nguyen_      _15 March 2007_
Name                          Date

# EXHIBIT B

EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
STEVEN RUBIN, ESQ.                           90867
The Rubin Law Corporation
433 N. Camden Dr., Suite 725
Beverly Hills, CA 90210
TELEPHONE NO.: (310) 385-0777   FAX NO.: (310) 288-0207
ATTORNEY FOR (Name): Dominic Nguyen

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 27 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LAFLEUR-CLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Nguyen v. Hagerty Consulting Inc, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC430620 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Four (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 26, 2010

Steven M. Rubin
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

*Martin Dean's* ESSENTIAL FORMS

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Nguyen, Dominic

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Nguyen v. Hagerty Consulting Inc, et al | BC 430620 |

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.   Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 10  [ ] HOURS/ [X] DAYS.

Item II.   Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070  Asbestos Property Damage<br>[ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons<br>[ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall)<br>[ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death<br>(e.g., assault, vandalism, etc.)<br>[ ] A7270  Intentional Infliction of Emotional Distress<br>[ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br><br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

Nguyen, Dominic

SHORT TITLE:

Nguyen v. Hagerty Consulting Inc, et al

CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ A6024 | Other Employment Complaint Case | 1.,②3. |
| | ☐ A6109 | Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 | Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation       Number of parcels | 2. |
| Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2., 6. |
| | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Martin Dean's
ESSENTIAL FORMS™

Nguyen, Dominic

SHORT TITLE:

Nguyen v. Hagerty Consulting Inc, et al

CASE NUMBER:

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Writ of Mandate<br>(02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review<br>(39) | ☐ A6150 | Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007 | Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation<br>(28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 | Election Contest | 2. |
| | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 | Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Martin Dean's
ESSENTIAL FORMS™

Nguyen, Dominic

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Nguyen v. Hagerty Consulting Inc, et al | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS:<br>75 Fair Oaks Ave |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | |

| CITY:<br>Pasadena | STATE:<br>CA | ZIP CODE:<br>91103 | |
|---|---|---|---|

**Item IV. *Declaration of Assignment:*** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the   Stanley Mosk County courthouse in the   Central                 District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: January 26, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Nguyen, Dominic

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 1990 South Bundy Drive, Suite 705, Los Angeles, CA 90025.

On the date indicated below, I served the foregoing documents described as:

NOTICE OF REMOVAL

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Steven M. Rubin, Esq.
Jenny L. Wilkinson, Esq.
The Rubin Law Corp.
433 N. Camden Dr., Ste. 725
Beverly Hills, CA 90210

Thomas L. Gemmel, Esq.
Jessica L. Conlon, Esq.
Husch Blackwell Sanders LLP
The Plaza in Clayton Office Tower
190 Carondelet Plaza, Ste. 600
St. Louis, MO 63105

[X]  **(VIA MAIL)**  I served a true copy of the within document on each of the interested parties in this action by placing a true copy thereof addressed to each addressee, enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

     Executed on March 3, 2010, at Los Angeles, California.

*Irene Clark*

IRENE CLARK

Law Offices of James W. Spertus
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 1595 MMM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**CONFORM**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Dominic Nguyen, an individual

**DEFENDANTS**
Hagerty Consulting, Inc., a Corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
The Rubin Law Corporation, Steven M. Rubin, Jenny L. Wilkinson
433 N. Camden Dr., Suite 725
Beverly Hills, CA 90210

**Attorneys (If Known)**
Law Offices of James W. Spertus
James W. Spertus, Ezra D. Landes
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** in excess of $90,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition for Removal-28 U.S.C. §§1332(d)(2), 1441 and 1446(Diversity); Defendant not citizen of California. Alleged California common law and Bus & Prof code violation.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:    Case Number: **CV10 1595**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                   CIVIL COVER SHEET                   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | County of San Diego, State of California |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant is incorporated in the State of Illinois, with a principal place of business in the State of Illinois |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date March 3, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |